UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADONAI EL-SHADDAI,<br><br>　　　　　Petitioner,<br><br>　　　v.<br><br>JOHN SOTO, Warden,<br><br>　　　　　Respondent. | Case No. CV 14-7154 GHK(JC)<br><br>~~(PROPOSED)~~<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DISMISSING ACTION WITHOUT PREJUDICE |

## I.　SUMMARY

On September 12, 2014, Adonai El-Shaddai ("petitioner"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254 ("Petition" or "Current Petition") with exhibits ("Petition Ex."). Petitioner, who was convicted and sentenced to life imprisonment with the possibility of parole in 1979 in Los Angeles County Superior Court, purports to challenge such criminal judgment. (Petition at 2). Petitioner raises three claims for relief: (1) petitioner assertedly has been illegally incarcerated beyond his statutory maximum term (Grounds One and Three); and (2) under California law, petitioner has a right to have his "primary term" fixed at a number of years that is proportionate to his offense (Ground Two).

///

The Court *sua sponte* has considered whether it should entertain the Petition. See generally Rule 4 of the Rules Governing § 2254 Cases in the United States District Court; see also 28 U.S.C. § 2244(b) (a claim presented in a second or successive habeas corpus application shall be dismissed); Magwood v. Patterson, 561 U.S. 320, 330-39 (2010) (discussing same).  For the reasons stated below, the Petition and this action are dismissed without prejudice.

**II.    PROCEDURAL HISTORY**[1]

**A.    State Conviction, Sentencing, and Direct Appeal**

On July 25, 1979, a Los Angeles County Superior Court jury convicted petitioner, under the name James Ray Wilkerson, of kidnapping for purposes of robbery, robbery, two rapes in concert with another person, and grand theft of an automobile.  (RT 327-31).  The jury also found that petitioner personally used a firearm during each offense.  (RT 327-31).  On August 22, 1979, at a hearing during which petitioner and his attorney were present, the trial court imposed a sentence which included a term of life imprisonment with the possibility of parole.  (RT 334-36).

On November 18, 1980, the California Court of Appeal affirmed the judgment.  (Petition at 2-3).  Petitioner did not file a petition for review with the California Supreme Court.  (Petition at 3).

Although petitioner filed multiple state habeas petitions, the record does not reflect that any such petition was filed or pending between April 25, 1996 and

---

[1] The procedural history is derived from court records in the Central District of California ("CDCA") and the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") in the following cases of which this Court takes judicial notice:  (1) El-Shaddai v. Felker, CDCA Case No. CV 06-8116-GHK(JC) ("First Federal Action"), and the documents lodged therein including portions of the Reporter's Transcript ("RT") and Clerk's Transcript ("CT"); and (2) El-Shaddai v. Felker, Ninth Circuit Case No. 09-55211 ("Ninth Circuit Action").  See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

1  April 24, 1997 – the period during which the statute of limitations for filing a
2  federal habeas petition ran.  See 28 U.S.C. § 2244(d)(1); Patterson v. Stewart, 251
3  F.3d 1243, 1246 (9th Cir.), cert. denied, 534 U.S. 978 (2001).

### B. First Federal Action and the Ninth Circuit Action

On December 19, 2006, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("First Federal Petition") in the First Federal Action (see supra note 1) challenging the 1979 judgment on multiple grounds relating to his sentencing.[2]

On December 6, 2007, the Magistrate Judge issued a Report and Recommendation ("First R&R") in which the Magistrate Judge concluded that the First Federal Petition was time-barred and recommended the action be dismissed with prejudice.  (First Federal Action, Docket No. 25).  On January 31, 2008, this Court overruled petitioner's objections to the First R&R, adopted the First R&R, denied the First Federal Petition and dismissed the First Federal Action with prejudice.  (First Federal Action, Docket No. 32).  On February 1, 2008, Judgment was entered accordingly.  (First Federal Action, Docket No. 33).

On February 11, 2009, petitioner filed a Notice of Appeal.  (First Federal Action, Docket No. 41).  On June 1, 2010, the Ninth Circuit denied petitioner's request for a certificate of appealability.  (First Federal Action, Docket No. 45; Ninth Circuit Action, Docket No. 9).

///
///
///

---

[2] Specifically, petitioner alleged:  (1) he was deprived of his right at sentencing to receive a copy of a probation report; (2) he was deprived of his right to be present at all phases of his sentencing hearing; (3) he was deprived of his right to representation by counsel at all phases of his sentencing hearing; and (4) he was deprived of his right to have a jury determine beyond a reasonable doubt all facts legally essential to his sentence.  (First Federal Action, Docket No. 1 (First Federal Petition)).

### C. Current Action

As noted above, petitioner filed the Current Petition on September 12, 2014. On March 9, 2015, petitioner filed a related Motion for Evidentiary Hearing. On April 16, 2015, petitioner filed a "Motion for Preliminary Review [etc.]."

## III. DISCUSSION

### A. The Petition Is Dismissed for Lack of Jurisdiction to the Extent It Challenges the State Judgment

As noted above, the Petition purports to challenge petitioner's 1979 criminal judgment and, more specifically, the sentence imposed in such case. (Petition at 2, 5-6). To the extent the Petition challenges the state judgment, the Petition is "second or successive" and must be dismissed. See 28 U.S.C. § 2244(b); Gonzalez v. Crosby, 545 U.S. 524, 530-32 (2005) ("Under § 2244(b), the first step of analysis is to determine whether a 'claim presented in a second or successive habeas corpus application' was also 'presented in a prior application.' If so, the claim must be dismissed; if not, the analysis proceeds to whether the claim satisfies one of two narrow exceptions [in § 2244(b)(2)]."); West v. Ryan, 652 F.3d 1071, 1077 (9th Cir. 2011) (generally discussing "stringent" standards for permitting a second or successive federal habeas petition); see also Thompson v. Calderon, 151 F.3d 918, 920-21 (9th Cir.) (petition need not be repetitive to be "second or successive," within the meaning of 28 U.S.C. section 2244(b); "a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first") (citation and quotation omitted), cert. denied, 524 U.S. 965 (1998).

Section 2244(b) requires that a petitioner seeking to file a "second or successive" habeas petition first obtain authorization from the Court of Appeals. Without authorization, a district court has no jurisdiction to entertain a successive habeas petition. See Burton v. Stewart, 549 U.S. 147, 157 (2007). Here, the Ninth Circuit has not granted petitioner authorization to file a second petition, so the

Court lacks jurisdiction to entertain the Current Petition. See id.; see also Remsen v. Attorney General of California, 471 Fed. Appx. 571, 571 (9th Cir. 2012) (reaffirming same).

To the extent petitioner may claim that the Petition is not second or successive because the First Federal Petition was dismissed without reaching the merits, petitioner's claim would not confer jurisdiction on this Court. See McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (petition successive where earlier petition dismissed as untimely; "dismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of [section 2244(b)]"). Accordingly, to the extent the Current Petition challenges the 1979 criminal judgment, it is successive.

Since petitioner filed the Current Petition without authorization from the Ninth Circuit, this Court lacks jurisdiction to consider it.[3]

### B. To the Extent Petitioner May Be Challenging the Denial of Parole, He Has Not Shown He is Entitled to Federal Habeas Relief

Although petitioner does not complain about any specific proceedings before the California Board of Parole Hearings ("Board") denying him parole, petitioner's non-specific challenge does not merit federal habeas relief.

First, to the extent petitioner may contend the Board violated state law, petitioner would not be entitled to federal habeas relief. See Roberts v. Hartley, 640 F.3d 1042, 1047 (9th Cir. 2011) (federal habeas court is not authorized "to reevaluate California's application of its rules for determining parole eligibility") (citation omitted); see generally Wilson v. Corcoran, 562 U.S. 1, 5 (2010) ("we

---

[3]The Court notes from the attachments to the Petition that the Ninth Circuit already appears to have rejected petitioner's specific claims on an appeal of a denial of a federal habeas petition filed in the Northern District of California. See Petition Ex. D (Wilkerson v. Nelson, 133 F.3d 931 (9th Cir. 1998) (unpublished decision rejecting claim that the California Board of Prison Terms failed "promptly" to fix the base term of petitioner's sentence and set a parole release date).

have repeatedly held that federal habeas corpus relief does not lie for errors of state law") (citations and internal quotations omitted); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (same).

    Second, petitioner has not alleged or shown he has been deprived of due process in his parole proceedings. "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). In some instances, however, state statutes may create liberty interests in parole release entitled to protection under the federal Due Process Clause. See Board of Pardons v. Allen, 482 U.S. 369, 371 (1987); Greenholtz, 442 U.S. at 12. The Ninth Circuit has held that California's statutory provisions governing parole create such a liberty interest. See Hayward v. Marshall, 603 F.3d 546, 555 (9th Cir. 2010) (en banc), overruled on other grounds, Swarthout v. Cooke, 562 U.S. 216 (2011) (per curiam).[4]

    "In the context of parole, . . . the procedures required are minimal." Swarthout v. Cooke, 131 S. Ct. 859, 862 (2011). Due process requires that the State furnish a parole applicant with an opportunity to be heard and a statement of reasons for a denial of parole. Greenholtz, 442 U.S. at 16. "The Constitution does not require more." Id.; accord Swarthout v. Cooke, 562 U.S. at 220 (citation omitted); Styre v. Adams, 645 F.3d 1106, 1108 (9th Cir. 2011) (as petitioner did not dispute that he received requisite procedural safeguards, that was the "end of the matter for purposes of the Due Process Clause") (citation omitted); see also Roberts v. Hartley, 640 F.3d at 1046 ("there is no substantive due process right created by the California's parole scheme"). Here, petitioner neither specifies nor

---

[4] In Swarthout v. Cooke, the Supreme Court did not reach the question of whether California law creates a liberty interest in parole, but observed that the Ninth Circuit's affirmative answer to this question "is a reasonable application of our cases." Swarthout v. Cooke, 562 U.S. at 219-20 (citations omitted).

claims that he has been denied these basic requirements. Petitioner's conclusory allegations do not merit habeas relief. See Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995) ("[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief") (citation omitted), cert. denied, 517 U.S. 1143 (1996); see also Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977) (summary disposition of habeas petition appropriate where allegations are vague or conclusory; "the petition is expected to state facts that point to a real possibility of constitutional error") (citation and quotation omitted).

For these reasons, the Court dismisses the Petition to the extent it challenges an unspecified Board decision without prejudice.[5]

**IV.   ORDER**

IT IS THEREFORE ORDERED that the Current Federal Petition is denied, the related Motion for Evidentiary Hearing is denied, the "Motion for Preliminary Review [etc.]" is moot and is denied as such, and this action is dismissed without prejudice.

DATED:     4/28/15

_____
HONORABLE GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE

---

[5] In any event, because petitioner was sentenced to life imprisonment, his claim that he has been imprisoned beyond the statutory maximum, is specious.